UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:13 CR 427** |
| | ) | |
| **Plaintiff/Respondent,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Cheryl Day,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant/Petitioner.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Vacate Under Section 2255 (Doc. 325). For the following reasons, the motion is DENIED.

### Facts

Defendant pleaded guilty to one count of conspiring to distribute and possession with intent to distribute one kilogram or more of cocaine. At sentencing, defendant faced a recommended Guideline range of 57 to 71 months. The Court sentenced defendant to the lowest level of 57 months imprisonment, to be followed by three years of supervised release. Defendant did not file a direct appeal.

1

The matter is now before the Court upon defendant's Motion to Vacate Under Section 2255.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant asserts five grounds for relief, but they all relate to ineffective assistance of counsel: 1) Counsel was intimidated by the United States attorney and did not fulfill his adversarial duties.  2) Counsel had a conflict of interest given that he was preoccupied by his own disciplinary proceedings.  3) Counsel failed to inform the sentencing Court that the plea agreement had been changed which resulted in a higher sentence.  4) Counsel failed to make changes or corrections to the PSI despite numerous requests. 5) Counsel failed to submit motions to separate defendant's case from the other defendants, to move the case to

California, and to request sentencing departures all of which resulted in a higher sentence.

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). "In order to succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*,

669 F.3d 756 (6th Cir. 2012) (citing *Strickland, supra* and *Hill v. Lockhart*, 474 U.S. 52, 59, (1985) ).

Defendant fails to satisfy the *Strickland* standard.  First, defendant makes no showing that if not for her attorney's errors, she would have insisted on going to trial instead of pleading guilty.  Second, defendant's claim that her attorney's errors resulted in a higher sentence is without basis.  As pointed out by plaintiff, defendant was originally subject to a mandatory minimum term of 120 months imprisonment as to Count One of the indictment. Defendant's sentence of 57 months was less than half of the minimum mandatory term. Moreover, defendant was sentenced to the lowest end of the agreed sentencing range. There is no basis to determine that defendant's counsel's performance fell below the objective standard of reasonableness or that defendant was prejudiced.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
Dated: 11/10/15                United States District Judge